JOSEPH S. ANTHONY *vs.* CLINTON G. SMITH, Admr. *et al.*

JUNE 26, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J. This is a bill of complaint in which the complainant seeks to establish in equity two claims, which he has previously filed in the Probate Court of Middletown against the estate of Lida W. Peckham, late of Middletown, deceased.

In the Superior Court a demurrer to the bill was filed and on hearing a final decree was entered dismissing the bill. The cause is before us upon the complainant's appeal from the final decree.

The averments of the bill are substantially as follows: On September 20, 1921, the complainant duly filed, in the clerk's office of said probate court, two claims against said estate aggregating $3,546.10. The administrator of the estate duly filed his disallowance of the claims, gave notice of such disallowance according to law, and also filed in the office of said clerk a request that the claims be proved before a commissioner. The probate court by its decree, entered on March 20, 1922, appointed a commissioner for that purpose. The commissioner duly qualified and gave notice according to law of hearings for claimants to prove claims, the last date of hearing being June 30, 1922. The commissioner did not file his report within thirty days after June 30, 1922, and no further time was allowed for filing the report by the probate court. The commissioner did file his report on September 18, 1922, allowing to this complainant the sum of $449.53 on account of his claims.

The contention of the complainant is that the failure of the commissioner to file his report within thirty days after the last day fixed for hearing on claims rendered his report

null and void; that the complainant is now precluded from his remedy by proceedings at law and his sole relief is in equity. The statutory provisions involved in the complainant's contention are Section 30, Chapter 365, General Laws 1923, which is as follows: "Sec. 30. Within thirty days from the expiration of the time limited for proving claims, or within such further time as the court may allow, the commissioners or a majority of them shall report to the probate court a list of the claims allowed and the order of their payment as provided in section thirty-three, and a list of the claims disallowed."

In *Providence Steam Carpet Beating Co.* v. *Hazard*, 20 R. I. 131, a somewhat similar question arose in slightly different circumstances. Under the provisions of Section 7, Chapter 186, Pub. Stat. 1882, commissioners, before whom claimants against the estate of a decedent were to prove their debts, were required to report to the probate court at the end of the time limited for the presentation of claims before the commissioner. In that case the commissioner did not make his report until nearly three months after the time limited. The court held that the requirement with regard to the making of reports should be considered as directory and the report in question was not void. The conclusion of the court in that case is applicable to the situation before us under the provisions of the statute now in force. Although not filed in accordance with direction of the statute, the commissioner's report is properly before the probate court of Middletown for confirmation. The complainant's right at law to a hearing upon the report before the probate court, and, if aggrieved by the decree of the probate court, to an appeal to the Superior Court is not affected by the commissioner's delay in filing his report.

The complainant calls to our attention the fact that in *Providence Steam Carpet Beating Co.* v. *Hazard, supra,* the decedent's estate was insolvent while the estate of the late Lida W. Peckham, here involved, was solvent. These

differing circumstances do not distinguish the two cases with respect to the legal question presented.

The decision of the justice upon the demurrer was without error. The decree appealed from is affirmed.

The cause is remanded to the Superior Court.

*Sheffield & Harvey,* for complainant
*Frank F. Nolan,* for respondent.